Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ALLAN N. ROJAS VILLAPLANA,

*Plaintiff,*

v.

GIUSEPPE C. RANDAZZO, GARFIELD CITY MUNICIPAL COURT, and NEW JERSEY MOTOR VEHICLE COMMISSION,

*Defendants.*

Civil Action No. 16-8767

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

This case comes before the Court on the motions to dismiss filed by defendants Garfield City Municipal Court and Giuseppe C. Randazzo ("Municipal Defendants"), D.E. 6, and the New Jersey Motor Vehicle Commission ("NJMVC"), D.E. 7. Plaintiff filed his Complaint after his driver's license was suspended. *See* D.E. 1. The Court reviewed the submissions made in support of the motion (Plaintiff did not file opposition) and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, both motions to dismiss are **GRANTED**.

I.  **Factual Background & Procedural History**

Plaintiff, who is proceeding *pro se*, filed his Complaint on November 28, 2016. D.E. 1. The Complaint sought declaratory relief and a permanent injunction against the three named Defendants. *Id.* Plaintiff specifically requested "a declaratory ruling on the standing of STATE EXECUTIVE GOVERNMENT to treat plaintiff's right to travel as a privilege once he declares redemption of lawful money." *Id.* at 1. Appended to the Complaint is a scheduled suspension

notice from the NJMVC dated November 8, 2016. *Id.* at 3. The notice indicates that Plaintiff's driving license "is scheduled to be suspended as of 01/06/2017 indefinitely" for failing to answer a summons in Garfield Municipal Court. *Id.* The notice states the NJMVC's statutory authority, provides information on the summons, indicates that Plaintiff must obtain a receipt showing proof of payment, and warns Plaintiff that if he does not provide proof of the receipt before the suspension date, he will have to pay an additional $100 fee. *Id.*

Plaintiff does not include any further facts in his Complaint, though Defendants in their motions to dismiss explain that Plaintiff had his license suspended after failing to pay traffic tickets, and that Defendant Randazzo was named because he is a judge at the Garfield City Municipal Court. *See* D.E. 6-4, Brief in Support of Municipal Defendant's Motion to Dismiss (hereinafter "Municipal Brief") at 1.

The Municipal Defendants filed their motion to dismiss on January 27, 2017, and the NJMVC filed its motion on April 4, 2017. D.E. 6, 7. Plaintiff did not file opposition papers to either motion.

## II. Standard of Review

For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

2

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

**III.   Analysis**

As an initial matter, states and "arms of the state" are entitled to sovereign immunity under the Eleventh Amendment. U.S. const. amend. XI; *Penhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). There are three exceptions to this rule: (i) where the state waives its immunity and consents to suit in federal court; (ii) where Congress has specifically abrogated the state's Eleventh Amendment immunity; and (iii) where suit is brought "against an individual state officer for prospective relief to end an ongoing violation of federal law." *See Kongtcheu v. Constable*, 2016 WL 270075, at *5 (D. N.J. Jan. 20, 2016). The NJMVC is an arm of the state of New Jersey. *See In re Kish*, 212 B.R. 808, 813 (D. N.J. 1997) (stating that the

New Jersey Department of Motor Vehicles ("NJDMV")[1] is an arm of the state). None of the exceptions apply. Thus, the NJMVC is immune from suit pursuant to the Eleventh Amendment.

The Complaint contains few factual or legal allegations, other than to say that "Plaintiff redeems Federal Reserve Notes for lawful money pursuant 12 USC 411, paid for his New Jersey driver's license with lawful money to serve as proof of competence and makes demand for libel of review," and that Defendants "lack standing to act against plaintiff's right to travel by motor vehicle in the State of New Jersey." Compl. at 1. It appears that Plaintiff objects to the suspension of his license because he paid money for it.

To satisfy a motion to dismiss, Plaintiff must meet a standard of plausibility. The Complaint cites to three federal statutes[2] in his Complaint: 12 U.S.C. § 411, 28 U.S.C. § 1331(1), and "Section 16 of the Federal Reserve Act." Section 411 concerns the issuance of federal reserve notes to federal reserve banks. The section does not provide a private right of action. Section 1331(1) concerns subject matter jurisdiction based on a federal question, but it does not provide an independent cause of action. As to the "Federal Reserve Act" (the "Act"), the Court assumes that Plaintiff is referring to the 1913 Act of which established the Federal Reserve System and created the authority to issue federal reserve notes. The Act is codified at 12 U.S.C. § 221 *et seq*. Section 411 is part of the Act and also part of Section 16 of the Act.

---

[1] NJDMV has since been renamed NJMVC.

[2] The NJMVC also argues that this Court lacks subject matter jurisdiction. However, because the Complaint seeks relief pursuant to federal statutes, the Court does not view the matter as one of subject matter jurisdiction. Instead, in the Court's view, the issue is whether the complaint plausibly indicates that Plaintiff is entitled to relief under the federal statutes. In addition, the Municipal Defendants argue that Plaintiff's request for injunctive relief is defective, and the NJMVC argues that service was defective. The Court does not reach these arguments because it finds the other arguments dispositive.

Thus, it appears that Plaintiff meant the same thing when he cited to Section 411 and Section 16. As noted, Section 411 does provide Plaintiff with a right of action nor do any of Section 16's remaining provisions. In short, Plaintiff fails to plausibly plead facts showing that he is entitled to any cognizable relief.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Normally, no matter how tenuous the claims, the Court would not dismiss with prejudice, particularly when a plaintiff is proceeding *pro se*. However, the NJMVC has immunity as noted. Moreover, the Court is aware of no set of facts that will entitle Plaintiff to the relief that he apparently seeks. Thus, the Complaint is dismissed with prejudice.

### IV. Conclusion

For the reasons set forth above, and for good cause shown,

It is on this 13th day of November 2017,

**ORDERED** that Defendants' motions to dismiss, D.E. 6, is **GRANTED**, and it is further

**ORDERED** that Defendant's motion to dismiss, D.E. 7, is **GRANTED,** and it is further

**ORDERED** that Plaintiff's Complaint is dismissed with prejudice, and it is further

**ORDERED** that the Clerk's Office shall close this case; and it is further

**ORDERED** that the Clerk's Office shall mail a copy of this Opinion and Order to Plaintiff by regular mail and by certified mail return receipt.

John Michael Vazquez, U.S.D.J.